# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

DELWRICK COLEMAN                                                                                     PLAINTIFF
ADC #656538

V.                                       NO: 2:14CV00087 BSM/HDY

BENJAMIN R. WOODARD                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Delwrick Coleman, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, and state laws, on July 14, 2014, alleging that Defendant Benjamin R. Woodard used excessive force against him in an April 1, 2014, incident at the ADC's East Arkansas Regional Unit. On January 23, 2015, Defendant filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #46-#48). Plaintiff filed a response on February 11, 2015 (docket entry #62), and Defendant filed a reply on February 12, 2015 (docket entry #63).[1] Plaintiff filed a motion for partial summary judgment, along with a brief in support, on February 3, 2015 (docket entries #54 & #55). Defendants filed a response, brief in support, and response to the statement of facts on February 5, 2015 (docket entries #56-#58). Additionally, the Court held a pre-jury evidentiary hearing on March 3, 2015.

## **I. Standard of review**

---

[1] Although Plaintiff has objected to Defendant's motion as being untimely, the lateness of Defendant's motion has not resulted in any prejudice to Plaintiff.

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was being escorted to behavior control when Defendant was assigned to cut off his jumpsuit. Defendant asserts he is entitled to summary judgment because the force he used was a good faith effort to restore and maintain order after Plaintiff snatched his arm away from an officer holding it, and spit in Defendant's face.

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

3

Because the undisputed facts demonstrate that Defendant's use of force was a good faith effort to restore order, he is entitled to summary judgment. According to Plaintiff's complaint, he was returning from the exercise yard when Lt. Cheney decided he should be placed on behavior control. Plaintiff testified at the hearing that he was cursing and yelling, although Plaintiff insisted he was not being combative in doing so. Hearing testimony revealed that Plaintiff's outbursts were his response to guards attempting to place him into an outdoor exercise area on a cold day after he said he wanted to return to his cell. Defendant was one of the guards charged with escorting Plaintiff to an isolation cell after the disturbance, when he was ordered to cut off Plaintiff's jumpsuit. Plaintiff was in restraints and would have been unable to remove his clothing. Although Plaintiff said he would remove the clothing if he was released from restraints, the officers did not want to release him from the restraints and Defendant began to cut off Plaintiff's jumpsuit. Plaintiff was being held by two other guards when he was able to escape the grasp of one, and he turned and spit in Defendant's face. Defendant then struck Plaintiff with either an open hand or closed fist, and shoved his face against cell bars as part of the effort to regain control of Plaintiff. Plaintiff sustained a minor abrasion to the bridge of his nose, as shown in photos he introduced at the hearing.[2]

It is clear that Defendant's actions were the direct result of Plaintiff's combative behavior. There is no evidence that Defendant had a conflict with Plaintiff before the incident, or that he had any malicious intent to cause Plaintiff harm. The only reason Defendant was involved is because he was ordered to cut off Plaintiff's jumpsuit. The entire incident lasted only a matter of seconds, and Plaintiff sustained no significant injury. Although it is true that a significant injury is not

---

[2] Copies of the photos are also included with Plaintiff's motion for partial summary judgment (docket entry #54, pages #5 & #6).

required to establish a claim of excessive force, *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), the extent of Plaintiff's injuries is a factor to consider in determining the amount of force applied, and whether the force could have plausibly been thought necessary. *Id.* The Supreme Court has also held that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson* at 9. The evidence, including video of the incident which was filed with Defendant's motion and introduced at the hearing, supports at most a malevolent touch, which is not actionable.[3] No genuine issues of material fact remain and Defendant's motion for summary judgment should be granted. Plaintiff's motion for partial summary judgment should be denied.

To the extent that Plaintiff is attempting to pursue state tort claims in connection with the incident, the Court should decline to exercise jurisdiction over those claims. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendant's motion for summary judgment (docket entry #46) be GRANTED, and Plaintiff's complaint be DISMISSED.

2.    Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his state law claims, and DISMISSED WITH PREJUDICE in all other respects.

---

[3] Through the course of this lawsuit, Plaintiff has made much of Defendant's alleged failure to wear a helmet which is required by prison policy. However, the video shows Defendant wearing a helmet. Regardless, the outcome of the case is not affected by Defendant's wearing, or not wearing, a helmet.

3. Plaintiff's motion for partial summary judgment (docket entry #54) be DENIED.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __3__ day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE